UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X
DARRYL CARTER,                                                                      Case No.:

                           Plaintiff,                                  **NOTICE OF REMOVAL**

           -against-

THE 1987 GROUP LLC and
POWERGRID SERVICES LLC,

                        Defendants.
-----------------------------------------------------------------------------X

      Defendant, THE 1987 GROUP LLC files this Notice of Removal pursuant to 28 U.S.C. §§1441 and 1446, and state the following in support:

      1.     The removed action bears Index No. 630556/2024 in the Supreme Court of the State of New York, County of Suffolk, captioned "DARRYL CARTER v. THE 1987 GROUP LLC and POWERGRID SERVICES LLC. Copies of the Summons and Complaint, dated December 10, 2024, and served by electronic filing on December 10, 2024 is annexed hereto as **Exhibit "A."** Acceptance of Service for Defendant, THE 1987 GROUP LLC, of the Summons and Complaint was received in a "FedEx-like" package on January 21, 2025 and despite numerous attempts to obtain from Plaintiff and their counsel, the Acceptance of Service has not been provided nor uploaded by electronic means.

      2.     This case arises from alleged negligence / personal injuries from a motor vehicle accident of Plaintiff by Defendants, THE 1987 GROUP LLC and POWERGRID SERVICES LLC that occurred on May 30, 2024. At the time, Plaintiff was driving a vehicle owned by Defendant, POWERGRID SERVICES LLC, for the benefit of Defendant, THE 1987 GROUP, LLC.

3.      Plaintiff is a citizen and resident of the State of Missouri.

4.      Defendant, THE 1987 GROUP, LLC is incorporated and domiciled in the State of New York. A copy of Defendant, THE 1987 GROUP, LLC's Articles of Organization are annexed hereto as **Exhibit "B."**

5.      Defendant, THE 1987 GROUP, LLC was organized and domiciled in the State of New. Citizenship of a limited liability corporation (LLC) is determined by that of its members. *Carden v. ArKoma and Assocs., 494 U.S. 185, 194-196 (1990).* Defendant, POWERGRID SERVICES LLC is domiciled in Alabama. Therefore, POWERGRID SERVICES LLC is also domiciled in New York. A copy of POWERGRID SERVICES LLC's Articles of Organization is annexed hereto as **Exhibit "C."**

6.      Because there is complete diversity and, upon information and belief, the amount in controversy allegedly exceeds $75,000, this Court has jurisdiction over this action pursuant to *28 U.S.C. § 1332*, and the action may be removed pursuant to *28 U.S.C. § 1441(b)* as this notice is being filed within 30 days from receipt of the plaintiff's Verified Complaint, which is the first pleading alleging the nature and extent of the plaintiff's injuries.

7.      Plaintiff seeks a sum in excess of the jurisdictional limits of all lower courts which might otherwise have jurisdiction.  Plaintiff alleges injuries, including but not limited to, physical injury and negligence. In light of the allegations in the Verified Complaint, the type of damages sought by the plaintiff are reasonably anticipated to reveal that the amount in controversy in this action is at least $75,000, exclusive of interest and costs.

8.      Written notice of the filing of this notice of removal is being filed with the Supreme Court of the State of New York for the County of Suffolk and provided to the Plaintiff as required by law.

**WHEREFORE**, Defendant THE 1987 GROUP LLC requests:

    a.   That this action be removed from the Supreme Court of the State of New York, Suffolk County to the United States District Court for the Eastern District of New York; and

    b.   For such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
        February 13, 2025

                              **SEGAL MCCAMBRIDGE SINGER & MAHONEY, LTD.**

                              By:        */s/ Carla Varriale-Barker*

                                      Carla Varriale-Barker, Esq.
                              *Attorneys for Defendant*
                              *THE 1987 GROUP LLC*
                              777 Third Avenue, Suite 2400
                              New York, NY 10017
                              (212) 651-7500
                              File No.:  010595.000101
                              cvarriale@smsm.com
                              WGray@SMSM.com

TO:

David T. Sirotkin, Esq.
**MORELLI LAW FIRM, PLLC**
*Attorneys for Plaintiff*
777 Third Ave.
New York, NY 10017
212.751.9800
dsirotkin@morellilaw.com

Adam D. Lewis, Esq.
**ARNOLD & ITKIN LLP**
*Attorneys for Plaintiff*
6009 Memorial Drive
Houston, Tx 77007
713.222.3800

Randy S. Faust, Esq.
John Anthony Anselmo, Esq.
**TYSON & MENDES LLP**

*Attorneys for Defendant*
*POWERGRID SERVICES LLC*
420 Lexington Avenue
Suite 2800
New York, NY 10017
rfaust@tysonmendes.com
jpark@tysonmendes.com

# Exhibit A

Case 2:25-cv-00825-HG   Document 1   Filed 02/13/25   Page 6 of 37 PageID #: 49

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-------------------------------------------------------------------

DARRYL CARTER

Plaintiff,

- against –

THE 1987 GROUP LLC and
POWERGRID SERVICES LLC,

Defendants.

Index No.:

**SUMMONS WITH
NOTICE**

Plaintiff designates Suffolk
County as the Place of Trial

The basis of the venue is
Defendant THE 1987
GROUP, LLC's residence

Defendant THE 1987
GROUP, LLC's principal
place of business in in Suffolk
County, New York

-------------------------------------------------------------------

To the above-named Defendant(s):

You are hereby summoned to answer the complaint in this action and to serve a copy of you answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: December 10, 2024

MORELLI LAW FIRM, PLLC

*/s/ David T. Sirotkin*
David T. Sirotkin
777 Third Avenue
New York, NY, 10017
(212) 751-9800

AND

ARNOLD & ITKIN LLP

*/s/ Adam D. Lewis*
Adam D. Lewis (*Pro hac vice anticipated*)
SBN: 24094099
alewis@arnolditkin.com
Andrew Bowman(*Pro hac vice anticipated*)
SBN: 24136370
abowman@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Tel: 713.222.3800
Fax: 713.222.3850
kbateam@arnolditkin.com
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**

**Defendant Addresses:**

**THE 1987 GROUP, LLC**
44 W. Jefryn Blvd.
Deer Park, NY, 11729

**POWERGRID SERVICES, LLC**
2350 HWY 31 Northwest
Hartselle, AL 35640

**Notice**: The nature of this action is Negligence/Personal Injuries

**The relief sought is** Money Damages.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

-----------------------------------------------------------------------

DARRYL CARTER                                                    Index No.:
              Plaintiff,

     - against –                                         **VERIFIED COMPLAINT**

THE 1987 GROUP LLC and
POWERGRID SERVICES LLC,
              Defendants.
-----------------------------------------------------------------------

TO THE SUPREME COURT OF THE STATE OF NEW YORK

     Plaintiff Darryl Carter, by his attorneys, MORELLI LAW FIRM, PLLC and ARNOLD &

ITKIN, LLP, complaining of Defendant THE 1987 GROUP and Defendant POWERGRID

SERVICES (hereinafter collectively referred to as "Defendants"), as and for their Verified

Complaint, state as follows, that upon information and belief and at all times hereinafter

mentioned:

AS AND FOR A FIRST CAUSE OF ACTION – NEGLIGENCE
(All Defendants)

1. Plaintiff was, at the time of the accident, a resident of the City of Lees Summit, State
   of Missouri.

2.  Defendant THE 1987 GROUP, LLC is a for profit business that was and still is a
   domestic corporation duly organized and existing under the law of the State of New
   York, and with a principal place of business in Suffolk County, New York. This
   Defendant may be served with process through its registered agent, United States
   Corporation Agents, INC. at 7014 13th Avenue, Suite 202, Brooklyn, New York 11228.

Case 2:25-cv-00825-HG    Document 1    Filed 02/13/25    Page 9 of 37 PageID #: 52

3. Defendant POWERGRID SERVICES, LLC is a for profit business that was and is still a foreign corporation duly organized and existing under the law of the State of Alabama. This Defendant may be served with process through its registered agent, Beth King-Gillette at 2530 HWY 31 NW, Hartselle, Alabama, 35640.

4. On or about May 30, 2024, Darryl Carter (hereinafter, "Plaintiff") suffered severe bodily injuries as a result of Defendants' negligence and gross negligence. On that date, Plaintiff was driving southbound on Interstate 95 near Fayetteville, North Carolina, when a tire blowout caused his vehicle to collide with a construction barrier, overturn, and catch fire.

5. At the time of the accident, Plaintiff was driving a vehicle owned by Defendant POWERGRID SERVICES, LLC (hereinafter "Powergrid"), for the benefit of Defendant THE 1987 GROUP, LLC (hereinafter "1987").

6. Defendants had a duty to inspect the vehicle and to make sure it was in a reasonably safe condition. Defendants did not inspect the vehicle before Plaintiff took control of the vehicle, nor did they require anything more than a visual inspection by Plaintiff. Plaintiff was still required by Defendants to drive the vehicle from Greenville, North Carolina, to Hartselle, Alabama.

7. Defendants:

- Failed to prudently supervise the job;

- Failed to adequately inspect the vehicle;

- Failed to ensure the vehicle was in proper condition;

- Failed to ensure the tires were in proper condition;

- Failed to maintain the vehicle in proper working order;

- Failed to follow applicable state and federal rules and regulations, including but not limited to the Federal Motor Safety Carrier Regulations; and

- Other acts deemed negligent and grossly negligent.

8. As a result of the Defendants' negligence, as set forth above, a tire on Plaintiff's vehicle blew out while he was driving, causing his vehicle to collide with a construction barrier, overturn and catch fire.

9. As a result of Defendants' negligence, Plaintiff sustained serious injuries and has been and will in the future be required to expend monies for medical care and treatment.

10. Plaintiff is also entitled to punitive damages because the aforementioned actions of Defendants were grossly negligent. Defendants acted with flagrant and malicious disregard of the Plaintiff's health and safety. Defendants were subjectively aware of the extreme risk posed by their failure to inspect the vehicle but did nothing to rectify this.

11. As a result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all courts lower than the Supreme Court.

WHEREFORE, Plaintiff, Darryl Carter, demands judgment against the defendants in an amount that exceeds the monetary jurisdictional limits of any and all lower Courts that would otherwise have jurisdiction herein, in an amount to be determined upon the trial of this actions and/or in the sum that would provide Plaintiff general relief for his injuries and damages, altogether with the costs, disbursements, interest, and legal fees for this actions

Dated:  December 10, 2024

MORELLI LAW FIRM, PLLC

*/s/ David T. Sirotkin*
David T. Sirotkin

Case 2:25-cv-00825-HG    Document 1    Filed 02/13/25    Page 11 of 37 PageID #: 54

777 Third Avenue
New York, NY, 10017
(212) 751-9800

AND

ARNOLD & ITKIN LLP

*/s/ Adam D. lewis*
Adam D. Lewis (*Pro hac vice anticipated*)
SBN: 24094099
alewis@arnolditkin.com
Andrew Bowman(*Pro hac vice anticipated*)
SBN: 24136370
abowman@arnolditkin.com
6009 Memorial Drive
Houston, Texas 77007
Tel: 713.222.3800
Fax: 713.222.3850
kbateam@arnolditkin.com
e-service@arnolditkin.com

**ATTORNEYS FOR PLAINTIFF**

Case 2:25-cv-00825-HG    Document 1    Filed 02/13/25    Page 12 of 37 PageID #: 55

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

--------------------------------------------------------------------X
DARRYL CARTER                                      Index No.:

            Plaintiff,

   - against –                                **ATTORNEY'S CERTIFICATION**

THE 1987 GROUP LLC and
POWERGRID SERVICES LLC,
                Defendants.
--------------------------------------------------------------------X


     I, the undersigned, am an attorney admitted to practice in the Courts of the State of New

York, and certify that the plaintiff's Verified Complaint, to the best of my knowledge after a

reasonable inquiry, is not frivolous as defined in the Court rules.

     I affirm that the foregoing statement is true under penalties of perjury.


Dated: December 10, 2024



                                              _____
                                              David T. Sirotkin, Esq.

# Exhibit B

(IRS USE ONLY)    575B            11-11-2020  1987  B  9999999999  SS-4

IMPORTANT REMINDERS:

* Keep a copy of this notice in your permanent records. **This notice is issued only
  one time and the IRS will not be able to generate a duplicate copy for you.** You
  may give a copy of this document to anyone asking for proof of your EIN.

* Use this EIN and your name exactly as they appear at the top of this notice on all
  your federal tax forms.

* Refer to this EIN on your tax-related correspondence and documents.

   If you have questions about your EIN, you can call us at the phone number or write to
us at the address shown at the top of this notice. If you write, please tear off the stub
at the bottom of this notice and send it along with your letter. If you do not need to
write us, do not complete and return the stub.

   Your name control associated with this EIN is 1987. You will need to provide this
information, along with your EIN, if you file your returns electronically.

   Thank you for your cooperation.

                    Keep this part for your records.        CP 575 B (Rev. 7-2007)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Return this part with any correspondence
so we may identify your account. Please                            CP 575 B
correct any errors in your name or address.
                                                          9999999999


Your Telephone Number  Best Time to Call  DATE OF THIS NOTICE:  11-11-2020
(    )    -                                EMPLOYER IDENTIFICATION NUMBER:  85-3844109
_____  _____               FORM:  SS-4           NOBOD


INTERNAL REVENUE SERVICE                   1987 GROUP LLC
CINCINNATI  OH   45999-0023                DANIEL CANTELMO MBR
ԱlilildilililililililiililililiIil         44 W JEFRYN BLVD SUITE L
                                           DEER PARK, NY  11729



DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
CINCINNATI  OH  45999-0023

Date of this notice:  11-11-2020

Employer Identification Number:
85-3844109

Form:  SS-4

Number of this notice:  CP 575 B

1987 GROUP LLC
DANIEL CANTELMO MBR
44 W JEFRYN BLVD SUITE L
DEER PARK, NY  11729

For assistance you may call us at:
1-800-829-4933

IF YOU WRITE, ATTACH THE
STUB AT THE END OF THIS NOTICE.

WE ASSIGNED YOU AN EMPLOYER IDENTIFICATION NUMBER

Thank you for applying for an Employer Identification Number (EIN).  We assigned you
EIN 85-3844109.  This EIN will identify you, your business accounts, tax returns, and
documents, even if you have no employees.  Please keep this notice in your permanent
records.

When filing tax documents, payments, and related correspondence, it is very important
that you use your EIN and complete name and address exactly as shown above.  Any variation
may cause a delay in processing, result in incorrect information in your account, or even
cause you to be assigned more than one EIN.  If the information is not correct as shown
above, please make the correction using the attached tear off stub and return it to us.

Based on the information received from you or your representative, you must file
the following form(s) by the date(s) shown.

                    Form 1065                        03/15/2021

If you have questions about the form(s) or the due date(s) shown, you can call us at
the phone number or write to us at the address shown at the top of this notice.  If you
need help in determining your annual accounting period (tax year), see Publication 538,
*Accounting Periods and Methods*.

We assigned you a tax classification based on information obtained from you or your
representative.  It is not a legal determination of your tax classification, and is not
binding on the IRS.  If you want a legal determination of your tax classification, you may
request a private letter ruling from the IRS under the guidelines in Revenue Procedure
2004-1, 2004-1 I.R.B. 1 (or superseding Revenue Procedure for the year at issue).  Note:
Certain tax classification elections can be requested by filing Form 8832, *Entity
Classification Election*.  See Form 8832 and its instructions for additional information.

A limited liability company (LLC) may file Form 8832, *Entity Classification
Election*, and elect to be classified as an association taxable as a corporation.  If
the LLC is eligible to be treated as a corporation that meets certain tests and it
will be electing S corporation status, it must timely file Form 2553, *Election by a
Small Business Corporation*.  The LLC will be treated as a corporation as of the
effective date of the S corporation election and does not need to file Form 8832.

To obtain tax forms and publications, including those referenced in this notice,
visit our Web site at www.irs.gov.  If you do not have access to the Internet, call
1-800-829-3676 (TTY/TDD 1-800-829-4059) or visit your local IRS office.

N.Y.S. DEPARTMENT OF STATE
DIVISION OF CORPORATIONS AND STATE RECORDS          ALBANY, NY 12231-0001

ONLINE FILING RECEIPT
=================================================================================

ENTITY NAME: THE 1987 GROUP LLC

DOCUMENT TYPE: ARTICLES OF ORGANIZATION (DOM. LLC)          COUNTY: SUFF
=================================================================================

FILED:11/09/2020 DURATION:********* CASH#:201109010079 FILE#:201109010079
                              DOS ID:5874070

    FILER:                                           EXIST DATE
    ------                                           ----------
    CHEYENNE MOSELEY C/O LEGALZOOM.COM, INC.         11/09/2020
    9900 SPECTRUM DRIVE
    AUSTIN, TX 78717

    ADDRESS FOR PROCESS:
    --------------------
    THE 1987 GROUP LLC
    44 W JEFRYN BLVD., STE. L
    DEER PARK, NY 11729

    REGISTERED AGENT:
    -----------------
    UNITED STATES CORPORATION AGENTS, INC.
    7014 13TH AVENUE, SUITE 202
    BROOKLYN, NY 11228



    The limited liability company is required to file a Biennial Statement with the
    Department of State every two years pursuant to Limited Liability Company Law
    Section 301. Notification that the Biennial Statement is due will only be made via
    email. Please go to www.email.ebiennial.dos.ny.gov to provide an email address to
    receive an email notification when the Biennial Statement is due.
=================================================================================
SERVICE COMPANY: ** NO SERVICE COMPANY **
SERVICE CODE: 00

FEE:          210.00              PAYMENTS     210.00
          -----------                       ---------
FILING:       200.00              CHARGE       210.00
TAX:            0.00              DRAWDOWN       0.00
PLAIN COPY:     0.00
CERT COPY:     10.00
CERT OF EXIST:  0.00
=================================================================================
                              DOS-1025 (10/2020)

Authentication Number: 2011090201  To verify the authenticity of this document you
may access the Division of Corporation's Document Authentication Website at

# ARTICLES OF ORGANIZATION
## OF
## The 1987 Group LLC
Under Section 203 of the Limited Liability Company Law

**FIRST:**   The name of the limited liability company is:

**The 1987 Group LLC**

**SECOND:**   To engage in any lawful act or activity within the purposes for which limited liability companies may be organized pursuant to Limited Liability Company Law provided that the limited liability company is not formed to engage in any act or activity requiring the consent or approval of any state official, department, board, agency, or other body without such consent or approval first being obtained.

**THIRD:**   The county, within this state, in which the office of the limited liability company is to be located is SUFFOLK.

**FOURTH:**   The Secretary of State is designated as agent of the limited liability company upon whom process against it may be served. The address within or without this state to which the Secretary of State shall mail a copy of any process against the limited liability company served upon him or her is:

The 1987 Group LLC
44 W Jefryn Blvd., Ste. L
Deer Park, NY 11729

**FIFTH:**   The limited liability company designates the following as its registered agent upon whom process against it may be served within the State of New York is:

United States Corporation Agents, Inc.
7014 13th Avenue, Suite 202
Brooklyn, NY 11228

**SIXTH:**   The limited liability company is to be managed by: ONE OR MORE MEMBERS.

I certify that I have read the above statements, I am authorized to sign these Articles of Organization, that the above statements are true and correct to the best of my knowledge and belief and that my signature typed below constitutes my signature.

Cheyenne Moseley, Assistant Secretary  (signature)
_____
LegalZoom.com, Inc., Organizer , ORGANIZER
9900 Spectrum Drive
Austin, TX 78717

Filed by:
Cheyenne Moseley C/O LegalZoom.com, Inc.
9900 Spectrum Drive
Austin, TX 78717

Operating Agreement

## The 1987 Group LLC,
### a New York Limited Liability Company

THIS OPERATING AGREEMENT of The 1987 Group LLC (the "Company") is entered into as of the date set forth on the signature page of this Agreement by each of the Members listed on Exhibit A of this Agreement.

A.    The Members have formed the Company as a New York limited liability company under the New York Limited Liability Company Law. The purpose of the Company is to conduct any lawful business for which limited liability companies may be organized under the laws of the state of New York. The Members hereby adopt and approve the articles of organization of the Company filed with the New York Department of State.

B.    The Members enter into this Agreement to provide for the governance of the Company and the conduct of its business, and to specify their relative rights and obligations.

## ARTICLE 1: DEFINITIONS

Capitalized terms used in this Agreement have the meanings specified in this Article 1 or elsewhere in this Agreement and if not so specified, have the meanings set forth in the New York Limited Liability Company Law.

"Agreement" means this Operating Agreement of the Company, as may be amended from time to time.

"Capital Account" means, with respect to any Member, an account consisting of such Member's Capital Contribution, (1) increased by such Member's allocated share of income and gain, (2) decreased by such Member's share of losses and deductions, (3) decreased by any distributions made by the Company to such Member, and (4) otherwise adjusted as required in accordance with applicable tax laws.

"Capital Contribution" means, with respect to any Member, the total value of (1) cash and the fair market value of property other than cash and (2) services that are contributed and/or agreed to be contributed to the Company by such Member, as listed on Exhibit A, as may be updated from time to time according to the terms of this Agreement.

"Exhibit" means a document attached to this Agreement labeled as "Exhibit A," "Exhibit B," and so forth, as such document may be amended, updated, or replaced from time to time according to the terms of this Agreement.

"Member" means each Person who acquires Membership Interest pursuant to this Agreement. The Members are listed on Exhibit A, as may be updated from time to time according to the terms of this Agreement. Each Member has the rights and obligations specified in this Agreement.

"Membership Interest" means the entire ownership interest of a Member in the Company at any particular time, including the right to any and all benefits to which a Member may be entitled as provided in this Agreement and under the New York Limited Liability Company Law, together with the obligations of the Member to comply with all of the terms and provisions of this Agreement.

"Ownership Interest" means the Percentage Interest or Units, as applicable, based on the manner in which relative ownership of the Company is divided.

"Percentage Interest" means the percentage of ownership in the Company that, with respect to each Member, entitles the Member to a Membership Interest and is expressed as either:

A.    If ownership in the Company is expressed in terms of percentage, the percentage set forth opposite the name of each Member on Exhibit A, as may be adjusted from time to time pursuant to this Agreement; or

B.    If ownership in the Company is expressed in Units, the ratio, expressed as a percentage, of:

(1)    the number of Units owned by the Member (expressed as "MU" in the equation below) divided by

(2)    the total number of Units owned by all of the Members of the Company (expressed as "TU" in the equation below).

$$\text{Percentage Interest} = \frac{MU}{TU}$$

"Person" means an individual (natural person), partnership, limited partnership, trust, estate, association, corporation, limited liability company, or other entity, whether domestic or foreign.

"Units" mean, if ownership in the Company is expressed in Units, units of ownership in the Company, that, with respect to each Member, entitles the Member to a Membership Interest which, if applicable, is expressed as the number of Units set forth opposite the name of each Member on Exhibit A, as may be adjusted from time to time pursuant to this Agreement.

## ARTICLE 2: CAPITAL CONTRIBUTIONS, ADDITIONAL MEMBERS, CAPITAL ACCOUNTS AND LIMITED LIABILITY

**2.1  Initial Capital Contributions**. The names of all Members and each of their respective addresses, initial Capital Contributions, and Ownership Interests must be set forth on Exhibit A. Each Member has made or agrees to make the initial Capital Contribution set forth next to such Member's name on Exhibit A to become a Member of the Company.

**2.2  Subsequent Capital Contributions**. Members are not obligated to make additional Capital Contributions unless unanimously agreed by all the Members. If subsequent Capital Contributions are unanimously agreed by all the Members in a consent in writing, the Members may make such additional Capital Contributions on a pro rata basis in accordance with each Member's respective Percentage Interest or as otherwise unanimously agreed by the Members.

**2.3  Additional Members**.

A.    With the exception of a transfer of interest (1) governed by Article 7 of this Agreement or (2) otherwise expressly authorized by this Agreement, additional Persons may become Members of the Company and be issued additional Ownership Interests only if approved by and on terms determined by a unanimous written agreement signed by all of the existing Members.

B.      Before a Person may be admitted as a Member of the Company, that Person must sign and deliver to the Company the documents and instruments, in the form and containing the information required by the Company, that the Members deem necessary or desirable. Membership Interests of new Members will be allocated according to the terms of this Agreement.

2.4  **Capital Accounts**. Individual Capital Accounts must be maintained for each Member, unless (a) there is only one Member of the Company and (b) the Company is exempt according to applicable tax laws. Capital Accounts must be maintained in accordance with all applicable tax laws.

2.5  **Interest**. No interest will be paid by the Company or otherwise on Capital Contributions or on the balance of a Member's Capital Account.

2.6  **Limited Liability; No Authority.** A Member will not be bound by, or be personally liable for, the expenses, liabilities, debts, contracts, or obligations of the Company, except as otherwise provided in this Agreement or as required by the New York Limited Liability Company Law. Unless expressly provided in this Agreement, no Member, acting alone, has any authority to undertake or assume any obligation, debt, or responsibility, or otherwise act on behalf of, the Company or any other Member.

## ARTICLE 3: ALLOCATIONS AND DISTRIBUTIONS

3.1  **Allocations**. Unless otherwise agreed to by the unanimous consent of the Members any income, gain, loss, deduction, or credit of the Company will be allocated for accounting and tax purposes on a pro rata basis in proportion to the respective Percentage Interest held by each Member and in compliance with applicable tax laws.

3.2  **Distributions**. The Company will have the right to make distributions of cash and property to the Members on a pro rata basis in proportion to the respective Percentage Interest held by each Member. The timing and amount of distributions will be determined by the Members in accordance with the New York Limited Liability Company Law.

3.3  **Limitations on Distributions**. The Company must not make a distribution to a Member if, after giving effect to the distribution:

A.      The Company would be unable to pay its debts as they become due in the usual course of business; or

-4-

B.       The fair value of the Company's total assets would be less than the sum of its total liabilities plus the amount that would be needed, if the Company were to be dissolved at the time of the distribution, to satisfy the preferential rights upon dissolution of Members, if any, whose preferential rights are superior to those of the Members receiving the distribution.

ARTICLE 4: MANAGEMENT

4.1 **Management**.

A.       **Generally**. Subject to the terms of this Agreement and the New York Limited Liability Company Law, the business and affairs of the Company will be managed by the Members.

B.       **Approval and Action**. Unless greater or other authorization is required pursuant to this Agreement or under the New York Limited Liability Company Law for the Company to engage in an activity or transaction, all activities or transactions must be approved by the Members, to constitute the act of the Company or serve to bind the Company. With such approval, the signature of any Members authorized to sign on behalf of the Company is sufficient to bind the Company with respect to the matter or matters so approved. Without such approval, no Members acting alone may bind the Company to any agreement with or obligation to any third party or represent or claim to have the ability to so bind the Company.

C.       **Certain Decisions Requiring Greater Authorization**. Notwithstanding clause B above, the following matters require unanimous approval of the Members in a consent in writing to constitute an act of the Company:

(i)       A material change in the purposes or the nature of the Company's business;

(ii)      With the exception of a transfer of interest governed by Article 7 of this Agreement, the admission of a new Member or a change in any Member's Membership Interest, Ownership Interest, Percentage Interest, or Voting Interest in any manner other than in accordance with this Agreement;

(iii)     The merger of the Company with any other entity or the sale of all or substantially all of the Company's assets; and

-5-

(iv)    The amendment of this Agreement.

4.2    **Officers**. The Members are authorized to appoint one or more officers from time to time. The officers will have the titles, the authority, exercise the powers, and perform the duties that the Members determine from time to time. Each officer will continue to perform and hold office until such time as (a) the officer's successor is chosen and appointed by the Members; or (b) the officer is dismissed or terminated by the Members, which termination will be subject to applicable law and, if an effective employment agreement exists between the officer and the Company, the employment agreement. Subject to applicable law and the employment agreement (if any), each officer will serve at the direction of Members, and may be terminated, at any time and for any reason, by the Members.

## ARTICLE 5: ACCOUNTS AND ACCOUNTING

5.1    **Accounts**. The Company must maintain complete accounting records of the Company's business, including a full and accurate record of each Company transaction. The records must be kept at the Company's principal executive office and must be open to inspection and copying by Members during normal business hours upon reasonable notice by the Members wishing to inspect or copy the records or their authorized representatives, for purposes reasonably related to the Membership Interest of such Members. The costs of inspection and copying will be borne by the respective Member.

5.2    **Records**. The Members will keep or cause the Company to keep the following business records.

    (i)    An up to date list of the Members, each of their respective full legal names, last known business or residence address, Capital Contributions, the amount and terms of any agreed upon future Capital Contributions, and Ownership Interests, and Voting Interests;

    (ii)    A copy of the Company's federal, state, and local tax information and income tax returns and reports, if any, for the six most recent taxable years;

    (iii)    A copy of the articles of organization of the Company, as may be amended from time to time ("Articles of Organization"); and

(iv)    An original signed copy, which may include counterpart signatures, of this Agreement, and any amendments to this Agreement, signed by all then-current Members.

5.3  **Income Tax Returns.** Within 45 days after the end of each taxable year, the Company will use its best efforts to send each of the Members all information necessary for the Members to complete their federal and state tax information, returns, and reports and a copy of the Company's federal, state, and local tax information or income tax returns and reports for such year.

5.4  **Subchapter S Election**. The Company may, upon unanimous consent of the Members, elect to be treated for income tax purposes as an S Corporation. This designation may be changed as permitted under the Internal Revenue Code Section 1362(d) and applicable Regulations.

5.5  **Tax Matters Member**. Anytime the Company is required to designate or select a tax matters partner or partnership representative, pursuant to Section 6223 of the Internal Revenue Code and any regulations issued by the Internal Revenue Service, the Members must designate one of the Members as the tax matters partner or partnership representative of the Company and keep such designation in effect at all times.

5.6  **Banking**. All funds of the Company must be deposited in one or more bank accounts in the name of the Company with one or more recognized financial institutions. The Members are authorized to establish such accounts and complete, sign, and deliver any banking resolutions reasonably required by the respective financial institutions in order to establish an account.

## ARTICLE 6: MEMBERSHIP – VOTING AND MEETINGS

6.1  **Members and Voting Rights**.

A.      The Members have the right and power to vote on all matters with respect to which the Articles of Organization, this Agreement, or the New York Limited Liability Company Law requires or permits. Unless otherwise stated in this Agreement (for example, in Section 4.1(c)) or required under the New York Limited Liability Company Law, the vote of the Members holding at least a majority of the Voting Interest of the Company is required to approve or carry out an action.

6.2 **Meetings of Members**. Annual, regular, or special meetings of the Members are not required but may be held at such time and place as the Members deem necessary or desirable for the reasonable management of the Company. A written notice setting forth the date, time, and location of a meeting must be sent at least ten (10) days but no more than sixty (60) days before the date of the meeting to each Member entitled to vote at the meeting. A Member may waive notice of a meeting by sending a signed waiver to the Company's principal executive office or as otherwise provided in the New York Limited Liability Company Law. In any instance in which the approval of the Members is required under this Agreement, such approval may be obtained in any manner permitted by the New York Limited Liability Company Law, including by conference call or similar communications equipment. Any action that could be taken at a meeting may be approved by a consent in writing that describes the action to be taken and is signed by Members holding the minimum Voting Interest required to approve the action. If any action is taken without a meeting and without unanimous written consent of the Members, notice of such action must be sent to each Member that did not consent to the action.

## ARTICLE 7: WITHDRAWAL AND TRANSFERS OF MEMBERSHIP INTERESTS

7.1 **Withdrawal**. Members may withdraw from the Company prior to the dissolution and winding up of the Company (a) by transferring or assigning all of their respective Membership Interests pursuant to Section 7.2 below, or (b) if all of the Members unanimously agree in a written consent. Subject to the provisions of Article 3, a Member that withdraws pursuant to this Section 7.1 will be entitled to a distribution from the Company in an amount equal to such Member's Capital Account, which must be paid by the Company to such Member within ninety (90) days of the withdrawal date unless otherwise agreed in writing.

7.2 **Restrictions on Transfer; Admission of Transferee**. A Member may not transfer any Membership Interests, whether now owned or later acquired, unless Members holding all of the Percentage Interests not subject to transfer consent to such transfer. A person may acquire Membership Interests directly from the Company upon the written consent of all Members. A Person that acquires Membership Interests in accordance with this Section 7.2 will be admitted as a Member of the Company only after the requirements of Section 2.3(b) are complied with in full.

## ARTICLE 8: DISSOLUTION

8.1 **Dissolution.** The Company will be dissolved upon the first to occur of the following events:

(i)     The vote of the Members holding at least a majority of the Voting Interest of the Company to dissolve the Company;

(ii)    Entry of a decree of judicial dissolution under Section 702 of the New York Limited Liability Company Law;

(iii)   At any time that there are no Members, unless and provided that the Company is not otherwise required to be dissolved and wound up, within 180 days after the occurrence of the event that terminated the continued membership of the last remaining Member, the legal representative of the last remaining Member agrees in writing to continue the Company and (i) to become a Member; or (ii) to the extent that the last remaining Member assigned its interest in the Company, to cause the Member's assignee to become a Member of the Company, effective as of the occurrence of the event that terminated the continued membership of the last remaining Member;

(iv)    The sale or transfer of all or substantially all of the Company's assets;

(v)     A merger or consolidation of the Company with one or more entities in which the Company is not the surviving entity.

8.2 **No Automatic Dissolution Upon Certain Events**. Unless otherwise set forth in this Agreement or required by applicable law, the death, incapacity, disassociation, bankruptcy, or withdrawal of a Member will not automatically cause a dissolution of the Company.

## ARTICLE 9: INDEMNIFICATION

9.1 **Indemnification**. The Company will have the power to indemnify and hold harmless any Member, officer, employee, or other agent of the Company acting in any of such capacities, from and against and in connection with any Proceeding (as defined below) to the maximum extent now or hereafter permitted under Section 420 of the New York Limited Liability Company Law.

9.2 **Expenses Paid by the Company Prior to Final Disposition**. Expenses of each Company Agent indemnified or held harmless under this Agreement that are actually and reasonably incurred in connection with the defense or settlement of a Proceeding may be paid by the Company in advance of the final disposition of a Proceeding if authorized by a vote of the Members that are not seeking indemnification holding a majority of the Voting Interests (excluding the Voting Interest of the Company Agent seeking indemnification). Before the Company makes any such payment of Expenses, the Company Agent seeking indemnification must deliver a written undertaking to the Company stating that such Company Agent will repay the applicable Expenses to the Company unless it is ultimately determined that the Company Agent is entitled or required to be indemnified and held harmless by the Company (as set forth in Section 9.1 above or as otherwise required by applicable law).

## ARTICLE 10: GENERAL PROVISIONS

10.1 **Notice**. (a) Any notices (including requests, demands, or other communications) to be sent by one party to another party in connection with this Agreement must be in writing and delivered personally, by reputable overnight courier, or by certified mail (or equivalent service offered by the postal service from time to time) to the following addresses or as otherwise notified in accordance with this Section: (i) if to the Company, notices must be sent to the Company's principal executive office; and (ii) if to a Member, notices must be sent to the Member's last known address for notice on record. (b) Any party to this Agreement may change its notice address by sending written notice of such change to the Company in the manner specified above. Notice will be deemed to have been duly given as follows: (i) upon delivery, if delivered personally or by reputable overnight carrier or (ii) five days after the date of posting if sent by certified mail.

10.2 **Entire Agreement; Amendment**. This Agreement along with the Articles of Organization (together, the "Organizational Documents"), constitute the entire agreement among the Members and replace and supersede all prior written and oral understandings and agreements with respect to the subject matter of this Agreement,

except as otherwise required by the New York Limited Liability Company Law. There are no representations, agreements, arrangements, or undertakings, oral or written, between or among the Members relating to the subject matter of this Agreement that are not fully expressed in the Organizational Documents. This Agreement may not be modified or amended in any respect, except in a writing signed by all of the Members, except as otherwise required or permitted by the New York Limited Liability Company Law.

10.3 **Governing Law; Severability**. This Agreement will be construed and enforced in accordance with the laws of the state of New York. If any provision of this Agreement is held to be unenforceable by a court of competent jurisdiction for any reason whatsoever, (i) the validity, legality, and enforceability of the remaining provisions of this Agreement (including without limitation, all portions of any provisions containing any such unenforceable provision that are not themselves unenforceable) will not in any way be affected or impaired thereby, and (ii) to the fullest extent possible, the unenforceable provision will be deemed modified and replaced by a provision that approximates the intent and economic effect of the unenforceable provision and the Agreement will be deemed amended accordingly.

10.4 **Further Action**. Each Member agrees to perform all further acts and execute, acknowledge, and deliver any documents which may be reasonably necessary, appropriate, or desirable to carry out the provisions of this Agreement.

10.5 **No Third Party Beneficiary**. This Agreement is made solely for the benefit of the parties to this Agreement and their respective permitted successors and assigns, and no other Person or entity will have or acquire any right by virtue of this Agreement. This Agreement will be binding on and inure to the benefit of the parties and their heirs, personal representatives, and permitted successors and assigns.

10.6 **Incorporation by Reference**. The recitals and each appendix, exhibit, schedule, and other document attached to or referred to in this Agreement are hereby incorporated into this Agreement by reference.

10.7 **Counterparts**. This Agreement may be executed in any number of counterparts with the same effect as if all of the Members signed the same copy. All counterparts will be construed together and will constitute one agreement.

*[Remainder Intentionally Left Blank.]*

**IN WITNESS WHEREOF**, the parties have executed or caused to be executed this Operating Agreement and do each hereby represent and warrant that their respective signatory, whose signature appears below, has been and is, on the date of this Agreement, duly authorized to execute this Agreement.

Dated: ___14/1/2020___

Signature of Daniel Cantelmo

Signature of John V. Yancigay

-12-

**IN WITNESS WHEREOF**, the parties have executed or caused to be executed this Operating Agreement and do each hereby represent and warrant that their respective signatory, whose signature appears below, has been and is, on the date of this Agreement, duly authorized to execute this Agreement.

Dated: _____

_____
Signature of Daniel Cantelmo

_____
Signature of John V. Yancigay

-12-

EXHIBIT A
**MEMBERS**

The Members of the Company and their respective addresses, Capital Contributions, and Ownership Interests are set forth below. The Members agree to keep this Exhibit A current and updated in accordance with the terms of this Agreement, including, but not limited to, Sections 2.1, 2.3, 2.4, 7.1, 7.2, and 10.1.

| Members | Capital Contribution | Percentage Interest |
|---|---|---|
| Daniel Cantelmo<br>Address:<br>44 W. Jefryn Blvd., Suite L<br>Deer Park, New York 11729 | | 50% |
| John V. Yancigay<br>Address:<br>44 W. Jefryn Blvd., Suite L<br>Deer Park, New York 11729 | | 50% |

# Exhibit C

2018  1176
INCORP  Book & Page

# CERTIFICATE OF FORMATION

## OF

## POWERGRID SERVICES II, LLC

For the purpose of forming a limited liability company under the Alabama Limited Liability Company Law of 2014, ALA. CODE §§ 10A-5A-1.01, *et seq.* (2017 Cum Supp.), and any act amendatory thereof, supplementary thereto or substituted therefor, the undersigned does hereby sign and adopt this Certificate of Formation (this "Certificate"), and, upon the filing for record of this Certificate in the office of the Judge of Probate of the county in which the initial registered office is established under Article II hereof, the existence of a limited liability company (the "Company"), under the name set forth in Article I hereof, shall commence.

## ARTICLE I
## NAME

The name of the Company shall be **POWERGRID SERVICES II, LLC.**

## ARTICLE II
## REGISTERED OFFICE AND REGISTERED AGENT

**2.1**    The location and mailing address of the initial registered office of the Company shall be 2350 US Hwy 31 NW, Hartselle, AL 35640.

**2.2**    The name of the initial registered agent of the Company at such address shall be Beth King-Gillette.

## ARTICLE III
## INITIAL MEMBERSHIP OF THE COMPANY

There is at least one member of the Company.

**RECEIVED DATE**

AUG 2 2 2018

**SECRETARY OF STATE
OF ALABAMA**

[B1069066.1]

```
        Alabama
     Sec. Of State

New Entity
527-315       DLL
Date   8/22/2018
Time       13:02
180822     4 Pg

File     $100.00
Ackn       $.00
Exp        $.00
         ---------
Total    $100.00
05/057
```

2018   1177
INCORP  Book & Page

## ARTICLE IV
## ORGANIZER OF THE COMPANY

The name and address of the organizer of the Company are as follows:

| **Organizer** | **Address** |
|---|---|
| Beth King-Gillette | 2350 US Hwy 31 NW |
| | Hartselle, AL 35640 |

**IN TESTIMONY WHEREOF,** the undersigned has affixed her hand and seal as the Organizer of the Company on this, the 31st day of July, 2018.

Beth King-Gillette, Organizer

This instrument prepared by:
Nancy W. Ball, Esq.
CABANISS, JOHNSTON, GARDNER
   DUMAS & O'NEAL LLP
2001 Park Place North, Suite 700
Birmingham, Alabama 35203
(205) 716-5200

Book/Pg: 2018/1175
Term/Cashier: PR016-04 / lorriet
Tran: 18044.408857.545537
Recorded: 08-13-2018 11:52:53
AFF Special Fee (Act 95-424)        5.00
REC Recording Fee                  50.00
Total Fees:  $ 55.00

State of Alabama, Morgan County
I certify this instrument was filed on
08-13-2018 11:51:53 AM
and recorded in INCORP Book
2018 at pages 1175 - 1177
Greg Cain - Probate Judge

2

{D1069060 ::}

# *** Certified Copy Page ***

I, Greg Cain, Judge of Probate, do hereby certify that
the foregoing is a FULL, TRUE and CORRECT copy of the
Instruments(s) herewith set out as same appears of record in:
INCORP BOOK - 2018,  AT PAGE - 1175  in said court.

Witness my hand and seal this 13 Day of August, 2018.

Judge of Probate
Morgan County, Alabama

Printed:  08-13-2018 11:55:41 AM

Optical file reference:  I497.7E2

2018   1175
Filed in the Above
INCORP  Book & Page
08-13-2018 11:51:53 AM
Greg Cain - Probate Judge
State of Alabama, Morgan County

John H. Merrill
Secretary of State

P.O. Box 5616
Montgomery, AL 36103-5616

# STATE OF ALABAMA

**I, John H. Merrill, Secretary of State of Alabama, having custody of the Great and Principal Seal of said State, do hereby certify that**

pursuant to the provisions of Title 10A, Chapter 1, Article 5, Code of Alabama 1975, and upon an examination of the entity records on file in this office, the following entity name is reserved as available:

**PowerGrid Services II, LLC**

This name reservation is for the exclusive use of Cabaniss, Johnston, Gardner, Dumas & O'Neal LLP, P.O. Box 830612, Birmingham, AL 35283-0612 for a period of one year beginning July 31, 2018 and expiring July 31, 2019

In Testimony Whereof, I have hereunto set my hand and affixed the Great Seal of the State, at the Capitol, in the city of Montgomery, on this day.

July 31, 2018
_____
**Date**



RES806448

_____
**John H. Merrill        Secretary of State**

Alabama
Sec Of State
New Entity
527-215        DLL
Date  8/22/2018
Time  13:02
180822        4 Pg

File    $100.00
Ackn    $.00
Exp     $.00
-----------------
Total   $100.00
05/057